FILED
CLERK, U.S. DISTRICT COURT
12/17/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: VM DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW CHRISTIAN LOCHER,
aka "Matt,"
aka "The Hat,"
aka "MattheHat,"
aka "HeyThere,"
aka "Shark,"

Defendant.

CR 2:21-CR-00581-DMG

I N D I C T M E N T

[18 U.S.C. §§ 2251(a), (e): Sexual Exploitation and Attempted Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction; 18 U.S.C. § 2422(b): Enticement and Attempted Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. §§ 2253 and 1467: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

On or about January 16, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," knowingly employed, used, persuaded, induced, enticed, and coerced Victim A, then a 15-year-old

minor girl in Tennessee, to engage in sexually explicit conduct, namely, an actual lascivious exhibition of the anus, genitals, or pubic area, as defined in Title 18, United States Code, Section 2256(2)(A)(v), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including the Internet.

COUNT TWO

[18 U.S.C. § 2422(b)]

On or about January 16, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," used the Internet, a facility and means of interstate and foreign commerce, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, specifically, Victim A, then a 15-year-old minor girl in Tennessee, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about January 16, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means of facility of interstate and foreign commerce, namely, a messaging application, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and telephone, knowing that the images were child pornography.

The child pornography that defendant received on or about January 16, 2021, included three frontal, body-length images depicting the nude body and exposed genitals of Victim A, then a 15-year-old minor girl in Tennessee.

COUNT FOUR

[18 U.S.C. §§ 2251(a), (e)]

On or about November 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," knowingly attempted to employ, use, persuade, induce, entice, and coerce Victim A, then a 15-year-old minor girl in Tennessee, to engage in sexually explicit conduct, namely, actual sadistic or masochistic abuse, as defined in Title 18, United States Code, Section 2256(2)(A)(iv), that is, cutting her breasts, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FIVE

[18 U.S.C. § 2422(b)]

On or about November 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," used the Internet, a facility and means of interstate and foreign commerce, to knowingly attempt to persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, specifically, Victim A, then a 15-year-old minor girl in Tennessee, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT SIX

[18 U.S.C. §§ 2251(a), (e)]

Between on or about March 12, 2021 and on or about March 13, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," knowingly employed, used, persuaded, induced, enticed, and coerced Victim B, then a 17-year-old minor girl in California, to engage in sexually explicit conduct, namely, actual sadistic or masochistic abuse, as defined in Title 18, United States Code, Section 2256(2)(A)(iv), that is, cutting her breasts, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including the Internet.

COUNT SEVEN

[18 U.S.C. § 2422(b)]

Between on or about March 12, 2021 and on or about March 13, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," used the Internet, a facility and means of interstate and foreign commerce, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, specifically, Victim B, then a 17-year-old minor girl in California, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

COUNT EIGHT

[18 U.S.C. § 2422(b)]

On or about July 6, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MATTHEW CHRISTIAN LOCHER, also known as ("aka") "Matt," aka "The Hat," aka "MattheHat," aka "HeyThere," aka "Shark," used the Internet, a facility and means of interstate and foreign commerce, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, specifically, Victim C, then a 12-year-old minor girl in Ohio, to engage in sexual activity for which a person can be charged with a criminal offense, namely, Lewd and Lascivious Acts with a Minor Child Under 14 Years, in violation of California Penal Code Section 288(a).

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of any of the offenses set forth in Counts One, Two, Four, Five, Six, Seven, or Eight of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following which were seized by law enforcement on July 30, 2021:

1. One ASUS Tek G731G laptop, with serial number k9nrcv01275536c;

2. One Google Pixel 4 XL cellphone, with IMEI number 356728100716543;

3. One Black Tower computer I-series, model G255B009G, with serial number A467-1741-cf67-16c9; and

4. One Dell laptop, Model G3, with serial number 7SC7LR2.

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 1467]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1467, in the event of the defendant's conviction of any of the offenses set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) Any obscene material produced, transported, mailed, shipped, or received and involved in such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, including but not limited to the following which were seized by law enforcement on July 30, 2021:

1. One ASUS Tek G731G laptop, with serial number k9nrcv01275536c;

2. One Google Pixel 4 XL cellphone, with IMEI number 356728100716543;

3. One Black Tower computer I-series, model G255B009G, with serial number A467-1741-cf67-16c9; and

4. One Dell laptop, Model G3, with serial number 7SC7LR2.

(d) To the extent such property is not available for

forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 1467(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA CURTIS
Assistant United States Attorney
Chief, Violent and Organized Crime Section

CHELSEA NORELL
Assistant United States Attorney
Violent and Organized Crime Section