STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2624
     Facsimile: (213) 894-0141
     E-mail:    chelsea.norell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>MATTHEW CHRISTIAN LOCHER,<br><br>             Defendant. | No. CR 21-581-DMG<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MATTHEW CHRISTIAN LOCHER |

    1.   This constitutes the plea agreement between MATTHEW
CHRISTIAN LOCHER ("defendant") and the United States Attorney's
Office for the Central District of California (the "USAO") in the
above-captioned case.  This agreement is limited to the USAO and
cannot bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

         a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to count one of the
indictment in United States v. Matthew Christian Locher, CR No. 21-

581-DMG, which charges defendant with Sexual Exploitation and Attempted Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction, in violation of 18 U.S.C. §§ 2251(a), (e).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

m.   Agree to and not oppose the imposition of supervised release under the following terms and conditions of probation or supervised release:

i.   Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

1              ii.   Defendant shall participate in a psychological

2    counseling and/or psychiatric treatment and/or a sex offender

3    treatment program, which may include inpatient treatment upon order

4    of the Court, as approved and directed by the Probation Officer.

5    Defendant shall abide by all rules, requirements, and conditions of

6    such program, including submission to risk assessment evaluations and

7    physiological testing, such as polygraph and Abel testing, but the

8    defendant retains the right to invoke the Fifth Amendment.   The

9    Probation Officer shall disclose the presentence report and/or any

10   previous mental health evaluations or reports to the treatment

11   provider.

12             iii. As directed by the Probation Officer, defendant

13   shall pay all or part of the costs of treating defendant's

14   psychological/psychiatric disorder(s) to the aftercare contractor

15   during the period of community supervision, pursuant to 18 U.S.C.

16   § 3672.  Defendant shall provide payment and proof of payment as

17   directed by the Probation Officer.

18             iv.   Defendant shall not view or possess any

19   materials, including pictures, photographs, books, writings,

20   drawings, videos, or video games, depicting and/or describing child

21   pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit

22   conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The

23   defendant shall not possess or view any materials such as videos,

24   magazines, photographs, computer images or other matter that depicts

25   "actual sexually explicit conduct" involving adults as defined by 18

26   U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from

27   possessing materials solely because they are necessary to, and used

28   for, a collateral attack, nor does it prohibit defendant from

possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.  Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall

1  defendant open or maintain a post office box, without the prior

2  written approval of the Probation Officer.

3         x.  Defendant's employment shall be approved by the

4  Probation Officer, and any change in employment must be pre-approved

5  by the Probation Officer.  Defendant shall submit the name and

6  address of the proposed employer to the Probation Officer at least

7  ten days prior to any scheduled change.

8         xi.  Defendant shall not reside within direct view of

9  school yards, parks, public swimming pools, playgrounds, youth

10  centers, video arcade facilities, or other places primarily used by

11  persons under the age of 18.  Defendant's residence shall be approved

12  by the Probation Officer, and any change in residence must be pre-

13  approved by the Probation Officer.  Defendant shall submit the

14  address of the proposed residence to the Probation Officer at least

15  ten days prior to any scheduled move.

16         xii. Defendant shall submit defendant's person, and

17  any property, house, residence, vehicle, papers, computer, other

18  electronic communication or data storage devices or media, and

19  effects to search at any time, with or without warrant, by any law

20  enforcement or Probation Officer with reasonable suspicion concerning

21  a violation of a condition of probation/supervised release or

22  unlawful conduct by defendant, and by any Probation Officer in the

23  lawful discharge of the officer's supervision function.

24         xiii.  Defendant shall possess and use only those

25  computers and computer-related devices, screen user names, passwords,

26  email accounts, and internet service providers ("ISPs") that have

27  been disclosed to the Probation Officer upon commencement of

28  supervision.  Any changes or additions are to be disclosed to the

Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

3.  Defendant further agrees:

a.  To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the digital devices used to facilitate the offenses (collectively, the "Forfeitable Assets").

b.  To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

1          c.   Not to contest any administrative forfeiture

2    proceedings or civil judicial proceedings commenced against the

3    Forfeitable Assets.  If defendant submitted a claim and/or petition

4    for remission for all or part of the Forfeitable Assets on behalf of

5    himself or any other individual or entity, defendant shall and hereby

6    does withdraw any such claims or petitions, and further agrees to

7    waive any right he may have to seek remission or mitigation of the

8    forfeiture of the Forfeitable Assets.

9          d.   Not to assist any other individual in any effort

10   falsely to contest the forfeiture of the Forfeitable Assets.

11         e.   Not to claim that reasonable cause to seize the

12   Forfeitable Assets was lacking.

13         f.   To prevent the transfer, sale, destruction, or loss of

14   any and all assets described above to the extent defendant has the

15   ability to do so.

16         g.   To fill out and deliver to the USAO a completed

17   financial statement listing defendant's assets on a form provided by

18   the USAO.

19         h.   That forfeiture of Forfeitable Assets shall not be

20   counted toward satisfaction of any special assessment, fine,

21   restitution, costs, or other penalty the Court may impose.

22                        THE USAO'S OBLIGATIONS

23   4.   The USAO agrees to:

24         a.   Not contest facts agreed to in this agreement.

25         b.   Abide by all agreements regarding sentencing contained

26   in this agreement.

27         c.   At the time of sentencing, move to dismiss the

28   remaining counts of the indictment as against defendant.  Defendant

                                     8

1  agrees, however, that at the time of sentencing the Court may

2  consider any dismissed charges in determining the applicable

3  Sentencing Guidelines range, the propriety and extent of any

4  departure from that range, and the sentence to be imposed.

5        d.   At the time of sentencing, provided that defendant

6  demonstrates an acceptance of responsibility for the offenses up to

7  and including the time of sentencing, recommend a two-level reduction

8  in the applicable Sentencing Guidelines offense level, pursuant to

9  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11                     <u>NATURE OF THE OFFENSE</u>

12       5.   Defendant understands that for defendant to be guilty of

13  the crime charged in count one, that is, sexual exploitation of a

14  child for the purpose of producing a sexually explicit visual

15  depiction, in violation of 18 U.S.C. § 2251(a), (e), the following

16  must be true: (1) At the time, the victim was under the age of 18

17  years; (2) Defendant employed, used, persuaded, or coerced the victim

18  to take part in sexually explicit conduct for the purpose of

19  producing a visual depiction of such conduct; and (3) Defendant

20  either (a) knew or had reason to know that the visual depiction would

21  be mailed or transported across state lines or in foreign commerce;

22  (b) the visual depiction was produced using materials that had been

23  mailed, shipped, or transported across state lines or in foreign

24  commerce; or (c) the visual depiction was mailed or actually

25  transported across state lines or in foreign commerce.  For purposes

26  of this charge, "sexually explicit conduct" means actual or simulated

27  (i) sexual intercourse; (ii) bestiality; (iii) masturbation; (iv)

28

sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person.

<u>PENALTIES AND RESTITUTION</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2551(a), (e) is: 30 years' imprisonment; a lifetime period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

8.    Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional assessment of up to $17,000.

9.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to

which defendant is pleading guilty ; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

11

ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

14.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot,

and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**Victim A**

Between approximately November 2020 and March 2021, defendant, a resident of Los Angeles County, communicated with Victim A, then a 15-year-old minor girl in Tennessee, over Discord, an Internet messaging platform, and Omegle, an online forum and video chat platform.  Early in their conversations, Victim A told defendant that she was 15 years old and that she suffered from depression and suicidal thoughts.  Defendant groomed Victim A, gave her rules to follow, and ordered her to cut herself when she disobeyed his rules.  Through these conversations, defendant persuaded, enticed, and induced Victim A to photograph and video herself nude and engaged in self-harm, including cutting, for his sexual gratification.

For example, on or about January 16, 2021, in Los Angeles County, within the Central District of California, defendant knowingly employed, used, persuaded, induced, enticed, and coerced Victim A, to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct, namely, photographing a lascivious exhibition of her genitals.  As a result of defendant's enticement, Victim A photographed her nude body in a bathroom and sent the photographs to defendant over Discord.  Defendant knew that Victim A was 15 years old at the time he induced her to create and send him the photographs.  Defendant knew that the images were transported via the Internet, a means of interstate commerce.

**Victim B**

Between approximately March 2021 and May 2021, defendant, a resident of Los Angeles County, communicated over Discord and Omegle with Victim B, then a 17-year-old minor girl in California.  Early in these conversations, Victim B told defendant that she was 17 years old and that she suffered from an eating disorder.  Defendant offered to coach Victim B on how to starve herself, giving her rules regarding when and what she could consume and instructing her to cut herself when she disobeyed these rules.  Through these conversations, defendant persuaded, enticed, induced, and coerced Victim B to cut herself and photograph the self-harm on her body, as well as cut herself on live video, for defendant's sexual gratification.

For example, on or about March 12, 2021 and March 13, 2021, in Los Angeles County, within the Central District of California, defendant knowingly employed, used, persuaded, induced, enticed, and coerced Victim B, to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, namely,

14

performing actual sadistic or masochistic abuse on live video.
Specifically, defendant coerced Victim B cut her breast on live video
for defendant.   Defendant knew that Victim B was 17 years old at the
time.   Defendant knew that the live video was transported via the
Internet, a means of interstate commerce.

**Victim C**

In approximately July 2020, defendant, in Los Angeles County,
communicated over Discord with Victim C, then a 12-year-old minor
girl in Ohio.   In these conversations, defendant advised and praised
Victim C on a plan to kill her parents.   Defendant agreed to pick up
Victim C from her home in Ohio, once she sent him photographs of her
dead parents as proof, and that Victim C would live with him as his
"pet" or "slave."   Knowing Victim C was a minor, defendant knowingly
persuaded, induced, enticed, and coerced her to engage in sexual
activity for which a person can be charged with a criminal offense,
namely, Lewd and Lascivious Acts with a Minor Child Under 14 Years,
in violation of California Penal Code Section 288(a).   Specifically,
defendant enticed and induced Victim C to carry out a plan to kill
her parents, at which point defendant would pick her up, bring her to
California, and make her his "slave."   Defendant told Victim C that
as his "slave," he'd "use [her] body whenever [he] want[ed] and in
whatever way [he] want[ed]," which would include lewd and lascivious
touching.   Victim C was in fact enticed by defendant, as evidenced by
her written assent in the Discord message and her attempt to burn
down her house in an effort to provide defendant with the proof he
required that Victim C's parents were dead.

1

### SENTENCING FACTORS

2      16.   Defendant understands that in determining defendant's

3  sentence the Court is required to calculate the applicable Sentencing

4  Guidelines range and to consider that range, possible departures

5  under the Sentencing Guidelines, and the other sentencing factors set

6  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7  Sentencing Guidelines are advisory only, that defendant cannot have

8  any expectation of receiving a sentence within the calculated

9  Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate between the mandatory minimum and up to the maximum set

13  by statute for the crime of conviction.

14      17.   Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

16      Base Offense Level:          32   U.S.S.G. § 2G2.1(a)

17      Involved Minor Under 16      +2   U.S.S.G. § 2G2.1(b)(1)(B)

18      Sadistic/Masochistic Abuse   +4   U.S.S.G. § 2G2.1(b)(4)

19      Use of a Computer            +2   U.S.S.G.
20                                        § 2G2.1(b)(6)(B)(ii)

21      Vulnerable Victim            +2   U.S.S.G. § 3A1.1(b)(2)(1)

22      Multiple Count Adjustment    +3   U.S.S.G. § 3D1.4; U.S.S.G.
23                                        § 2G2.1(d)

24  Defendant and the USAO reserve the right to argue that additional

25  specific offense characteristics, adjustments, and departures under

26  the Sentencing Guidelines are appropriate.

27      18.   Defendant understands that there is no agreement as to

28  defendant's criminal history or criminal history category.

16

19.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.   Defendant understands that by pleading guilty, defendant gives up the following rights:

  a.   The right to persist in a plea of not guilty.

  b.   The right to a speedy and public trial by jury.

  c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.   Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

  d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e.   The right to confront and cross-examine witnesses against defendant.

  f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

17

21.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

22.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23.   Defendant gives up the right to appeal all of the following, provided the Court imposes a sentence on the count of conviction that is no more than the high end of the Sentencing Guidelines range calculated by the Court: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided

it requires payment of no more than $200,000; (f) the term of
probation or supervised release imposed by the Court, provided it is
within the statutory maximum; and (g) any of the following conditions
of probation or supervised release imposed by the Court: the
conditions set forth in Second Amended General Order 20-04 of this
Court; the drug testing conditions mandated by 18 U.S.C.
§§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions
authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation
or supervised release agreed to by defendant in paragraph 2 above.

24.  The USAO agrees that, provided (a) all portions of the
sentence are at or above the statutory minimum and at or below the
statutory maximum specified above, the USAO gives up its right to
appeal any portion of the sentence, with the exception that the USAO
reserves the right to appeal the amount of restitution ordered if
that amount is less than $100,000.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy

1    trial claim with respect to any such action, except to the extent

2    that such defenses existed as of the date of defendant's signing this

3    agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

5        26.  Defendant agrees that if the count of conviction is

6    vacated, reversed, or set aside, both the USAO and defendant will be

7    released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

9        27.  This agreement is effective upon signature and execution of

10   all required certifications by defendant, defendant's counsel, and an

11   Assistant United States Attorney.

### BREACH OF AGREEMENT

13       28.  Defendant agrees that if defendant, at any time after the

14   signature of this agreement and execution of all required

15   certifications by defendant, defendant's counsel, and an Assistant

16   United States Attorney, knowingly violates or fails to perform any of

17   defendant's obligations under this agreement ("a breach"), the USAO

18   may declare this agreement breached.  All of defendant's obligations

19   are material, a single breach of this agreement is sufficient for the

20   USAO to declare a breach, and defendant shall not be deemed to have

21   cured a breach without the express agreement of the USAO in writing.

22   If the USAO declares this agreement breached, and the Court finds

23   such a breach to have occurred, then: (a) if defendant has previously

24   entered a guilty plea pursuant to this agreement, defendant will not

25   be able to withdraw the guilty plea, and (b) the USAO will be

26   relieved of all its obligations under this agreement.

27       29.  Following the Court's finding of a knowing breach of this

28   agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
<u>OFFICE NOT PARTIES</u>

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

33.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

_____          8/8/22
CHELSEA NORELL                            _____
Assistant United States Attorney          Date

_____          8/8/22
MATTHEW CHRISTIAN LOCHER                  _____
Defendant                                 Date

_____          8-9-22
ROBERT HELFEND                            _____
Attorney for Defendant MATTHEW            Date
CHRISTIAN LOCHER

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.

23

1 | I have discussed the evidence with my attorney, and my attorney has
2 | advised me of my rights, of possible pretrial motions that might be
3 | filed, of possible defenses that might be asserted either prior to or
4 | at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
5 | of relevant Sentencing Guidelines provisions, and of the consequences
6 | of entering into this agreement.  No promises, inducements, or
7 | representations of any kind have been made to me other than those
8 | contained in this agreement.  No one has threatened or forced me in
9 | any way to enter into this agreement.  I am satisfied with the
10 | representation of my attorney in this matter, and I am pleading
11 | guilty because I am guilty of the charge and wish to take advantage
12 | of the promises set forth in this agreement, and not for any other
13 | reason.

14 | *Matthew Locher* _____      8/8/22 _____
15 | MATTHEW CHRISTIAN LOCHER              Date
    | Defendant
16 |

17 | ### CERTIFICATION OF DEFENDANT'S ATTORNEY

18 |     I am MATTHEW CHRISTIAN LOCHER's attorney.  I have carefully and
19 | thoroughly discussed every part of this agreement with my client.
20 | Further, I have fully advised my client of his rights, of possible
21 | pretrial motions that might be filed, of possible defenses that might
22 | be asserted either prior to or at trial, of the sentencing factors
23 | set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
24 | provisions, and of the consequences of entering into this agreement.
25 | To my knowledge: no promises, inducements, or representations of any
26 | kind have been made to my client other than those contained in this
27 | agreement; no one has threatened or forced my client in any way to
28 | enter into this agreement; my client's decision to enter into this

24

1  agreement is an informed and voluntary one; and the factual basis set

2  forth in this agreement is sufficient to support my client's entry of

3  a guilty plea pursuant to this agreement.

4  _____          _____

5  ROBERT HELFEND                            Date
   Attorney for Defendant MATTHEW
6  CHRISTIAN LOCHER