E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
Assistant United States Attorney
Deputy Chief, Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2624
     Facsimile: (213) 894-0141
     E-mail:    Chelsea.norell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Nos. **CR 21-581-DMG**; 23-CV-2925 |
|---|---|
| Plaintiff, | EX PARTE APPLICATION REQUESTING COURT ORDER: (1) AUTHORIZING DISCLOSURE OF CERTAIN ATTORNEY-CLIENT COMMUNICATIONS, (2) ESTABLISHING PROCEDURES FOR OBTAINING SUCH ATTORNEY-CLIENT COMMUNICATIONS, AND (3) IMPLEMENTING PROTECTIVE ORDER FOR SUCH OBTAINED COMMUNICATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; AND PROPOSED ORDER |
| v. | |
| MATTHEW CHRISTIAN LOCHER, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Chelsea Norell, hereby file this ex parte application for an order: (1) finding that defendant Matthew Christian Locher ("defendant") has waived his attorney-client privilege with respect to his communications with his counsel in the underlying criminal matter, United States v. Matthew Christian Locher, CR 21-581-DMG, Robert Helfend, insofar as those

communications concern events and facts relevant to defendant's claim that Mr. Helfend provided ineffective representation in the manner described in defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on April 12, 2023 ("the Motion"); (2) establishing procedures for the government to obtain such attorney-client communications; and (3) implementing a protective order under which information disclosed by Mr. Helfend pursuant to the disclosure order will be kept confidential, will be filed with the Court under seal, and will be used only in connection with litigation relating to defendant's ineffective assistance of counsel claim.

Prior to the filing of this application, government counsel sent a copy of the application to Mr. Helfend.  Mr. Helfend responded, "I oppose your ex parte application because I am bound by the attorney client privilege, which has not been explicitly waived by my former client. Should the Court order the privilege waived, I will respond to the government's interrogatories accordingly."

This application is based upon the attached memorandum of points
//
//

1  and authorities, all files and records in the case, and such further
2  evidence or argument as may be requested by the Court.
3   Dated: April 24, 2023              Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       CHELSEA NORELL
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

<pre>
</pre>

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Matthew Christian Locher victimized dozens of children online, trolling webpages where kids expressed mental health issues, then enticing them to self-mutilate for his sexual gratification. For his crimes against three minor girls, defendant was charged with Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction (Counts 1, 4, 6), Enticement of a Minor to Engage in Criminal Sexual Activity (Counts 2, 5, 7, 8), and Receipt of Child Pornography (Count 3). Defendant pleaded guilty to Count One on August 29, 2022, pursuant to a plea agreement.

After a sentencing hearing on March 29, 2023, in which defendant and victims of his crimes allocuted, the Court sentenced defendant to a below-Guidelines sentence of 27 years imprisonment and a lifetime period of supervised release. (Dkts. 66, 67.) Absent the 30-year statutory maximum on Count One, defendant's Guidelines calculation supported a life sentence. Throughout the case, defendant was represented by retained counsel, Robert Helfend.

On April 12, 2023, after the deadline to file a notice of appeal, defendant filed the Motion, pursuant to 28 U.S.C. § 2255, alleging among other things ineffective assistance of counsel by Mr. Helfend for (1) not adequately explaining the plea agreement to defendant; (2) not informing defendant that he had the right to be represented by a public defender; (3) not giving defendant adequate time to consider the plea; (4) assuring defendant that counsel would convince the Court to impose a mandatory minimum sentence; (5) not reading defendant's sentencing materials in a timely fashion; (6) discrediting defendant's concerns regarding defendant's retained

expert; and (7) failing to make certain arguments at the sentencing hearing.

**I.   ARGUMENT**

**A.   Defendant Has Waived His Attorney-Client Privilege with Respect to Communications with Counsel by Raising Ineffective Assistance of Counsel Claims in the Motion**

Defendant avers that his sentence should be vacated or set aside because he was provided ineffective assistance of counsel. To make out such a claim, defendant must show that his counsel's actions were deficient, and resulted in subsequent prejudice. Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir. 1992). To demonstrate such a deficiency, "defendant must show that counsel's actions were outside the wide range of professionally competent assistance." Id. (internal quotations omitted). In his motion, defendant claims that Mr. Helfend was ineffective in his representation of defendant concerning advice he provided defendant during plea negotiations and arguments he failed to make at sentencing.

Conversations between defendant and his counsel underpin defendant's Motion and are essential to evaluating his assertions of ineffective assistance of counsel. Indeed, the Motion proffers putative direct quotations from defense counsel. Accordingly, defendant's claims necessarily waive the attorney-client privilege with respect to the communications that underlie his claims.

It has long been the rule in the federal courts that, where a petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective counsel. Lambright v. Ryan, 698 F.3d 808, 818 (9th Cir.2012) (quoting Bittaker v. Woodford, 331 F.3d 715 (9th Cir.2003) (en banc ) (Kozinski, J., for a unanimous Court, with J.

O'Scannlain concurring)); see also Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir. 1997) (defendant waived attorney-client privilege by raising ineffective assistance of counsel claim in a habeas proceeding); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (attorney-client privilege waived when defendant, in § 2255 proceeding, attacked his attorney's competence in giving legal advice, and ascribed course of action to his attorney that raised specter of incompetence). The rationale for this rule is explained in Tasby:

> A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule. When a client calls into public question the competence of his attorney, the privilege is waived.

Tasby, 504 F.2d at 336.

### B. The Government's Proposed Order Strikes an Effective Balance Between Protecting Defendant's Attorney-Client Privilege and Allowing the Fair Resolution of the Motion

As the Ninth Circuit explained in Bittaker, the waiver of the attorney-client privilege created by a defendant's claim of ineffective assistance of counsel is not unlimited. Instead, the courts must impose a waiver that is "no broader than needed to ensure the fairness of the proceedings before it." Bittaker, 331 F.3d at 720. In addition, the defendant must have an opportunity to abandon the claim as an alternative to waiver. Id. at 721. Finally, the court imposing the waiver must be able to bind the party receiving

the privileged material to the court's limitations and conditions. Id. The government's proposed order, filed concurrently herewith, satisfies all three of these objectives.

Specifically, the government proposes the following procedures for obtaining information regarding attorney-client communications subject to the waiver resulting from defendant's ineffective assistance of counsel claims:

(1) The USAO will propound interrogatories to the attorney that defendant specifically identified in his § 2255 motion as providing ineffective assistance of counsel, i.e., Mr. Helfend ("defense counsel");

(2) Defense counsel will prepare written answers to the interrogatories, or note objections to particular interrogatories as beyond the scope of the appropriate waiver, providing reasons for any such objections;

(3) Defense counsel will provide the interrogatories and proposed answers to defendant for defendant's review;

(4) Defendant will have an opportunity to note any additional objections to interrogatories believed to be beyond the scope of the waiver, providing reasons for any such objections;

(5) The parties will determine whether to litigate any objections to the interrogatories;

(6) Defendant will be provided an opportunity to withdraw his ineffective assistance of counsel claim if he does not want his counsel's answers to interrogatories deemed to be within the scope of the waiver to be disclosed to the USAO;

(7) If defendant elects not to withdraw his ineffective assistance of counsel claim, the answers to the interrogatories

deemed to be within the scope of the waiver will be provided to the USAO with a certification that the answers are provided by counsel under penalty of perjury;

    (8)  The disclosure to the USAO of defense counsel's answers to the interrogatories will be subject to a protective order limiting use of the answers to litigation of defendant's ineffective assistance of counsel claims; and

    (9)  The same procedures will be followed, under a truncated time frame, for follow-up questions.

    The government's proposed order also includes protective provisions specifying that: (a) the information disclosed in response to the USAO's interrogatories will be considered confidential information and, absent further Court order, will not be disclosed by the USAO to any other law enforcement or prosecuting agency except as necessary to assist in the USAO's litigation of the ineffective assistance of counsel claims presented in the § 2255 motion; (b) any pleadings referencing the information disclosed in response to the USAO's interrogatories will be filed under seal; (c) the information disclosed in response to the USAO's interrogatories will be used by the USAO only for the purpose of litigating the claims presented in the § 2255 motion; (d) the USAO will provide a copy of the Court's order to any individual who is provided access to the information disclosed in response to the USAO's interrogatories; and (e) the protections of the protective order shall remain in place even after litigation of defendant's ineffective assistance of counsel claim is completed.

These procedures strike an appropriate balance between the interest of the government in responding to defendant's § 2255 motion and defendant's interest in protecting his attorney-client privilege.

## II. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court make a finding that defendant has waived the attorney-client privilege and issue an order setting forth the interrogatory and briefing schedule as proposed.