E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CHELSEA NORELL (Cal. Bar No. 280831)
Assistant United States Attorney
Deputy Chief, Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2624
    Facsimile: (213) 894-0141
    E-mail:   Chelsea.norell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Nos. **CR 21-581-DMG**; 23-CV-2925 |
|---|---|
| Plaintiff, | GOVERNMENT'S INTERROGATORIES PROPOUNDED ON DEFENDANT'S DEFENSE COUNSEL ROBERT HELFEND, ESQ. |
| v. | |
| MATTHEW CHRISTIAN LOCHER, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Chelsea Norell, hereby propounds the following written interrogatories on defense

counsel Robert Helfend, Esq., pursuant to the Court's Order dated April 28, 2023.

Dated: May 10, 2023                 Respectfully submitted,

                                              E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


                                                      /s/
CHELSEA NORELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

INTERROGATORY #1

Did you discuss and review with Matthew Christian Locher ("defendant") the entire plea agreement that was submitted to the Court on August 11, 2022?  On what dates did you discuss the plea agreement and for how long?  Please describe the nature of those discussions.

INTERROGATORY #2

Did you discuss the mandatory minimum sentence required by the plea agreement?  Please describe the nature of your discussions regarding the mandatory minimum.

INTERROGATORY #3

Did defendant ask to keep a copy of the plea agreement to review in his cell?  Was that request denied?  If so, please explain why that request was denied, if you know.

INTERROGATORY #4

At some point before the plea agreement was filed, did you explain to defendant that he had the right to fire you and retain other counsel, including asking the Court to appoint a Public Defender?  Please explain your answer.

INTERROGATORY #5

During your discussions of the plea agreement with defendant, did you tell him that you would "easily convince" the Court to sentence defendant to the mandatory minimum sentence of 15 years?  Please describe the nature of your conversations with defendant regarding

the range of possible sentences he could face.

INTERROGATORY #6
During your discussions of the plea agreement with defendant, did defendant indicate that he felt intimidated, coerced, or forced to sign the plea agreement?  Did you tell him he must sign the agreement?  Did you make any threats or promises with respect to the plea agreement?

INTERROGATORY #7
During your discussions of the plea agreement with defendant, did you explain the consequences of signing the plea agreement and the consequences of proceeding to trial?  If so, please explain the nature of these conversations.

INTERROGATORY #8
When did defendant give you his letter that was filed with your sentencing position?  At the time he gave you the letter, did he ask you to review it and suggest any necessary changes before you filed it?  If so, how many times did he ask, and did you review it before filing it?  If not, did you review it before the sentencing hearing?

INTERROGATORY #9
Prior to the sentencing hearing, did defendant ask you to review the case of USA v. R.V., 14-CR-0316?  If so, did you review it?  If not, why not?

INTERROGATORY #10

Did you and defendant discuss hiring Dr. Malinek to author a report for the Court to consider at sentencing?  If so, how did you describe Dr. Malinek's services, methodology, and work product to defendant?  Did you recommend that defendant hire Dr. Malinek in this case?  If so, why?

INTERROGATORY #11

Did you meet with or speak to defendant in preparation for sentencing?  Did you explain what would happen at the hearing?  What were your instructions to defendant for the sentencing hearing?

INTERROGATORY #12

During the sentencing hearing, did you tell defendant "you're going to have to hit a home run here"?  If so, what did you mean by that?

## CERTIFICATE OF SERVICE

I, **ALLISON YANG**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; that I am not a party to the above-titled action; and that I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S INTERROGATORIES PROPOUNDED ON DEFENDANT'S DEFENSE COUNSEL ROBERT HELFEND, ESQ.**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:
**Matthew Christian Locher
REG. NO. 81282-509
Metropolitan Detention Center
PO Box 531900
Los Angeles, CA 90053**

☐ By hand delivery, addressed as follows:

☐ By email as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **May 10, 2023,** at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Allison Yang*
Allison Yang
Legal Assistant